STEPHEN C. GREBING, State Bar No. 178046
sgrebing@wingertlaw.com
WINGERT GREBING BRUBAKER & WALSHOK LLP
1230 Columbia Street, Suite 400
San Diego, CA 92101-3370
(619) 232-8151; Fax (619) 232-4665

Attorneys for Plaintiffs, JOHN DESPLINTER, an individual and NICOLLE SISTAR, an individual

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DESPLINTER, an individual; and NICOLLE SISTAR, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES; ANTHONY JOE BUCHANNAN JR.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: **'25CV3106 BJC DEB**<br><br>**COMPLAINT FOR:**<br><br>1. **NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br>2. **LOSS OF CONSORTIUM**<br>3. **PROPERTY DAMAGE** |

Plaintiffs JOHN DESPLINTER and NICOLLE SISTAR (collectively, "Plaintiffs"), by and through their attorneys, Wingert Grebing Brubaker and Walshok LLP, hereby allege as follows:

## JURISDICTION AND VENUE

1. This action is based on the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq. This Court is vested with jurisdiction pursuant to Section 1346(b), Title 28 of the United States Code.

2. Plaintiffs have exhausted their administrative remedies under the Federal Tort Claims Act. The claims required by 28 U.S.C. § 1346(c) were submitted to the United States Department of the Navy on or about January 21, 2021 as to personal injuries and property damage sustained by Plaintiffs for which this action is commenced. The claims were finally determined by the federal agency on June 26, 2025. Copies of the formal denials of liability, marked Exhibit "A", are attached to and made a part of this pleading by reference.

3. Venue is proper in the Southern District of California under 28 U.S.C. § 1402(b), as this claim for damages if filed pursuant to an automobile accident that occurred in Poway, California, a geographical area served by this Court. At all relevant times, all Plaintiffs resided in San Diego County, California.

**PARTIES**

4. Plaintiff JOHN DESPLINTER (hereinafter, "Mr. Desplinter") is, and at all times relevant herein, was a resident of the County of San Diego, California.

5. Plaintiff NICOLLE SISTAR (hereinafter "Ms. Sistar") is, and at all times relevant herein, was a resident of the County of San Diego, California.

6. Plaintiffs are informed and believe that Defendant UNITED STATES is, and at all times mentioned herein was, a government entity organized under Federal Law with the capacity to sue and be sued.

7. Plaintiffs are informed and believe, and thereon allege, that at all times herein relevant, ANTHONY JOE BUCHANNAN JR. (hereinafter "Defendant Buchannan") was an employee of the United States Navy (the United States Department of Defense), a federal agency of the United States, and was acting within the scope and course of his employment on December 3, 2019.

8. At all times mentioned, the negligent acts and negligent infliction of emotional distress alleged herein were caused by acts of employees of the UNITED STATES DEPARTMENT OF THE NAVY while acting in their official capacities as agents of the United States Department of Defense.

**GENERAL ALLEGATIONS**

9. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as fully set forth herein.

10. This case involves an accident between a U.S. military cargo truck and a vehicle occupied by Mr. Desplinter, which occurred as Mr. Desplinter was traveling northbound on the Interstate-15 approaching Scripps Poway Parkway in Poway, California.

11. On December 3, 2019, a military convoy consisting of eleven (11) vehicles (hereinafter, the "Convoy") began its journey from MCAS Miramar in San Diego, California, toward Edwards Air Force Base, just outside of Rosamond, California.

12. On December 3, 2019, Defendant Buchanan, acting within the scope and course of his employment, operated a 2019 Armored Oshkosh MTVR AMK27 cargo truck (hereinafter, the "Subject Oshkosh"), owned by Defendant UNITED STATES, as part of the Convoy. Present on board the Subject Oshkosh were other employees of Defendant UNITED STATES.

13. Oshkosh MTVR AMK27 cargo trucks, including the Subject Oshkosh, generally have a <u>maximum</u> speed of 65 mph and weigh approximately 62,000 lbs. in gross.

14. <u>Armored</u> Oshkosh MTVR AMK27 cargo trucks, including the Subject Oshkosh, are equipped only with three (3) total windows and with no rear windows, thus lacking adequate visibility to check blind spots.

15. The only route available to the Convoy, per its destination, was northbound on the Interstate-15 freeway for at least 100 miles.

16. The employees of Defendant UNITED STATES operating the Convoy were given a standing order to not stop or divert their vehicles from the instructed route or roadway for any reason except as emergent.

17. Pursuant to California Vehicle Code Section 21807, and common law, Defendant UNITED STATES, by and through its employees including Defendant Buchannan, had the duty to drive a vehicle on public roads with due regard for the safety of all persons and property.

18. Pursuant to California Vehicle Code Section 21718, Defendant UNITED STATES, by and through its employees including Defendant Buchannan, was prohibited from stopping, parking, or leaving a vehicle standing on a freeway except when emergent.

19. Pursuant to the United States Transportation Command's Defense Transportation Regulations on Mobility, Appendix F, Section (H)(1) regarding General Convoy Operations on public roads, Defendant UNITED STATES, by and through its employees including Defendant Buchannan, had a duty to operate vehicle hazard lights while moving at night and during periods of reduced visibility.

20. Pursuant to the United States Transportation Command's Defense Transportation Regulations on Mobility, Appendix F, Section (H)(1) regarding General Convoy Operations on public roads, Defendant UNITED STATES, by and through its employees including Defendant Buchannan, was prohibited from parking its vehicles on controlled-access highways or freeways.

21. No vehicle in the Convoy, including the Subject Oshkosh, had a valid or legal reason to pull onto any freeway shoulder per California Vehicle Code Section 21718.

22. No vehicle in the Convoy, including the Subject Oshkosh, had a valid or legal reason to pull onto any freeway shoulder per Defense Transportation Regulations.

23. Around approximately 12:30 a.m., without any valid or legal reason for doing so, Defendant Buchannan pulled over and parked the Subject Oshkosh onto the right shoulder of the northbound Interstate-15 freeway at or near Scripps Poway Parkway in Poway, California. At no time during this stop did the Subject Oshkosh operate its hazard lights.

24. Around approximately 12:45 a.m., Plaintiff JOHN DESPLINTER was traveling northbound on Interstate-15 in the right-most lane, operating a 2014 Toyota Tundra Limited pickup truck.

25. As Mr. Desplinter approached Scripps Poway Parkway, Defendant Buchannan began to pull the Subject Oshkosh, traveling approximately 20 mph and without operating its hazard lights, onto Interstate-15 and directly in front of Mr. Desplinter's oncoming vehicle traveling approximately 65 mph.

26. Mr. Desplinter, unable to avoid a collision, struck the Subject Oshkosh with head-on with great force, totaling his vehicle and causing him severe bodily injury.

## FIRST CAUSE OF ACTION

### NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**(All Plaintiffs against All Defendants)**

27. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as fully set forth herein.

28. Pursuant to California Vehicle Code and Defense Transportation Regulations, in addition to the common law, Defendant UNITED STATES, by and through its employees including

Defendant Buchannan, had the duty to operate its military vehicles on public roads in accord with public rules, and with due regard for the safety of all persons and property.

29. Defendants had a duty to properly maintain the Subject Oshkosh and adhere to all regulations and requirements for military vehicles traveling on public roads and during convoy operations, pursuant to Defense Transportation Regulations.

30. At such times and places, Defendant UNITED STATES, by and through its employees including Defendant Buchannan, carelessly and negligently drove, operated, and maintained the Subject Oshkosh so as to cause it to merge onto the Interstate-15 at an unsafe speed, without operation of its hazard lights, in front of free flowing on-coming freeway traffic, endangering other drivers and their passengers.

31. As a direct and proximate consequence of the negligence of Defendant UNITED STATES's employees, including Defendant Buchannan, Plaintiff JOHN DESPLINTER's vehicle crashed headfirst into the rear of the Subject Oshkosh.

32. As a direct and proximate consequence of the negligence of Defendant UNITED STATES's employees, including Defendant Buchannan, Mr. Desplinter suffered severe injuries to his person, including but not limited to fractures to his left arm, right tibia fractures and trauma to surrounding tendons and ligaments, extensive right knee damage, right wrist tendon lacerations, as well as traumatic brain, skull, and facial injuries.

33. Prior to the incident, Mr. Desplinter was employed as a full-time tattoo artist, with on-going plans to own and operate his own tattoo studio. As a result of his injuries from the accident, Mr. Desplinter's physical capabilities have been significantly constrained, and he is no longer able to tattoo full-time. As a proximate result of the wrongful acts of Defendants, Mr. Desplinter has suffered loss of earnings, and will suffer future loss of earnings, in an amount to be shown according to proof.

34. As a proximate result of the wrongful acts of Defendants and the resulting collision as alleged above, Mr. Desplinter was injured in his health, strength, and activity, sustaining severe injury to his body and shock to his nervous system. These injuries have caused, and continue to cause,

Mr. Desplinter great mental and physical pain and suffering and emotional distress, all to his general damage in a sum to be shown according to proof.

35. As a further proximate result of the wrongful acts of Defendants, Mr. Desplinter has employed, and continues to employ, physicians and health care providers for medical examination treatment and care of these injuries, and has incurred, and will continue to incur, medical and incidental expenses in an amount to be shown according to proof.

36. Defendant UNITED STATES's negligence, by and through its employees including Defendant Buchannan, actually and proximately caused Plaintiffs JOHN DESPLINTER and NICOLLE SISTAR to suffer severe trauma, anxiety, shock, and substantial and enduring emotional distress as a consequence of witnessing and experiencing Mr. Desplinter's injuries, all to Plaintiffs' damages in a sum to be shown according to proof.

## SECOND CAUSE OF ACTION
## LOSS OF CONSORTIUM
### Plaintiff Nicolle Sistar against All Defendants

37. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as fully set forth herein.

38. As alleged in preceding paragraphs, Defendants are liable in tort for the injuries to John Desplinter.

39. Prior to the accident on December 3, 2019, John Desplinter was able to and did perform his duties as a spouse to Plaintiff NICOLLE SISTAR. Subsequent to his injuries and as a proximate result thereof, Mr. Desplinter was unable to perform the necessary duties of a spouse that he used to perform in the care, maintenance, and management of the family home.

40. As a result of the accident and John Desplinter's injuries involved, Mr. Desplinter and Ms. Sistar's marital and familial relationship has been forever and irreversibly disrupted and destroyed. Ms. Sistar has thus been deprived of the care, love, comfort, affection, presence, companionship and solace of her now ex-husband.

///
///

41. For these reasons, Ms. Sistar has been deprived of the consortium of her now ex-husband, John Desplinter, including the performance of his necessary duties, all to Ms. Sistar's damage in an amount according to proof.

### THIRD CAUSE OF ACTION

### PROPERTY DAMAGE

**Plaintiff John Desplinter against All Defendants**

42. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as fully set forth herein.

43. As a result of Defendant UNITED STATES's wrongful conduct, by and through its employees including Defendant Buchannan, Plaintiff JOHN DESPLINTER is entitled to compensation in an amount according to proof for the extensive damage and complete loss of his 2014 Toyota Tundra Limited pickup truck.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs JOHN DESPLINTER and NICOLLE SISTAR pray judgment against all Defendants as follows:

1. For past and future economic damages suffered by Plaintiffs JOHN DESPLINTER and NICOLLE SISTAR related to loss of earnings, employment opportunities, benefits, advantages and loss of financial support and loss of household services from JOHN DESPLINTER.
2. For past and future hospital, medical professional and incident expenses suffering by Plaintiff JOHN DESPLINTER, according to proof.
3. Property damage in an amount according to proof.
4. For prejudgment interest, according to proof.
5. For pre-trial interest, according to proof.

///
///
///
///

6. For costs of bringing this suit, according to proof; and

7. For such other relief as the Court may deem just and proper.

Dated: November 11, 2025        WINGERT GREBING BRUBAKER & WALSHOK LLP

By:   *s/Stephen C. Grebing*
       STEPHEN C. GREBING
       Attorneys for Plaintiffs
       JOHN DESPLINTER, an individual and
       NICOLLE SISTAR, an individual

**INDEX OF EXHIBITS REGARDING COMPLAINT FOR:  1. NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; 2. LOSS OF CONSORTIUM; AND 3. PROPERTY DAMAGE**

| EX | Description | Page No. |
|---|---|---|
| A | Formal Denials of Liability | 10- 12 |

**INDEX OF EXHIBITS REGARDING COMPLAINT FOR: 1. NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; 2. LOSS OF CONSORTIUM; AND 3. PROPERTY DAMAGE**

| EX | Description | Page No. |
|---|---|---|
| A | Formal Denials of Liability | 10- 12 |

# EXHIBIT A



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
TORT CLAIMS UNIT NORFOLK
9324 VIRGINIA AVENUE SUITE 104
NORFOLK VA 23511-2949

IN REPLY REFER TO

5890
Ser J210667
   J210668
June 26, 2025

**CERTIFIED MAIL**

CHELSEA MARION ESQ
KING AMINPOUR & ASSOCIATES
AMINPOUR BUILDING 317 ASH STREET
SAN DIEGO CA 92101

Dear Ms. Marion:

SUBJECT:   (i)  JOHN HENRY DESPLINTER; OUR FILE NO. J210667;
                (ii) NICOLLE SISTAR-DESPLINTER; OUR FILE NO. 210668

    This responds to your 2 (two) administrative claims filed on behalf of your clients (i) John Henry Desplinter in the amount of $15,531,261.97 (including $31,261.97 in property damage and $15,500,000.00 in his personal injury) and (ii) Nicolle Sistar-DeSplinter in the amount of $4,500,000.00 as a derivative claim for her loss of consortium, allegedly resulting from a motor vehicle accident that occurred on I-15 N/B 250 feet south of Scripps Poway Parkway in San Diego, CA on December 3, 2019.  Your claims were analyzed under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), and 2671-2680.  Our investigation has determined the United States is not liable under the FTCA for the damages claimed.

    The United States can be liable under the FTCA when the negligence or wrongful act of a Federal employee acting within the course and in scope of one's Federal employment proximately causes damages.  The damages alleged did not result from any negligent act or omission on the part of an employee of the United States.  **Accordingly, your two claims are denied.**

11

<div style="text-align: right">
5890<br>
Ser J210667<br>
J210668<br>
June 26, 2025
</div>

  If your clients do not agree with this decision, be advised you have 6 (six) months from the date of mailing of this letter to file suit in the appropriate United States District Court that has jurisdiction over this matter.

  Prior to the commencement of suit and prior to the expiration of the six-month period for filing suit, a claimant may present, in writing, a request for reconsideration to the authority that denied the claim (*see* 32 C.F.R. 750.31).  Any request for reconsideration in this matter should set forth the claimant's reasons for the request and include any <u>supplemental</u> supporting evidence, information, or argument a claimant wishes to have considered.

  The presentment of a proper request for reconsideration will be acknowledged in writing by this office and will start a new 6-month period for the Department of the Navy to act on the request.  Any request for reconsideration that reasonably appears to be presented solely for the purpose of extending the statutory period for filing suit and without providing <u>supplemental</u> supporting information not previously provided will not be considered a proper request for reconsideration and will not serve to extend the original six-month deadline for filing suit.

  If you have any questions, please contact me by phone at (757) 239-5126 or e-mail at maria.b.grise.civ@us.navy.mil.

<div style="margin-left: 50%">
Sincerely,

*Maria B. Grise*

MARIA B. GRISE<br>
Tort Claims Attorney
</div>